IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRUSTEES OF THE U.A. UNION
LOCAL NO. 290 PLUMBER,
STEAMFITTER AND SHIPFITTER
INDUSTRY PENSION TRUST, et al.,

           Plaintiffs,

    v.

PUDDLETOWN PLUMBING LLC,

           Defendant.

No. 3:19-cv-00487-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

    Before the Court is Plaintiffs' Motion to Compel Production of Documents [10]. Plaintiffs brought this action against Defendant Puddletown Plumbers LLC, seeking to enforce a collective bargaining agreement and certain audit and contribution obligations under 29 U.S.C. § 185 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §§ 141 *et seq*, and 29 U.S.C. §§ 1132 and 1145 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Plaintiffs move for an order directing Defendant to produce documents by responding to Plaintiffs' First Request for Production. The Motion is DENIED.

1- OPINION & ORDER

**BACKGROUND**

Plaintiffs filed this action on April 3, 2019. Plaintiffs are the Plumbers, Steamfitters and Marine Fitters Local 290 ("Union"), and the trustees of several employee trust funds of the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry ("Trustees"). Compl. ¶ 1, ECF 1. Plaintiffs claim Defendant is bound by a collective bargaining agreement with the Union. *Id.* at ¶ 12. The collective bargaining agreement stipulates that Defendant is subject to the terms and conditions of the agreements that created the trust funds managed by the Trustees. *Id.* The trust agreements provide that the Trustees have a right to require an employer, such as Defendant, to promptly furnish them with payroll records and other documents relevant to the administration of the trust funds. *Id.* Plaintiffs allege that the Trustees have requested Defendant provide documents necessary to determine whether Defendant is adhering to its reporting obligations; however, Defendant has failed to cooperate despite multiple requests. *Id.* at ¶¶ 12-13. Plaintiffs assert that Defendant's failure to furnish the documents constitutes a breach of the collective bargaining agreement and trust agreements, and violations of LMRA and ERISA. *Id.* at ¶ 13.

On August 2, 2019, Plaintiffs requested a 90-day extension of the discovery deadline because they were unable to locate and serve Defendant with the summons and complaint. On November 27, 2019, Plaintiffs filed an Affidavit of Service detailing that their private investigator was unable to effectuate service on Defendant's sole member and registered agent, Robert Sjullie. Affidavit ¶¶ 3-4, ECF 7. Because Plaintiffs were unable to locate Sjullie, they served Defendant through the Oregon Secretary of State pursuant to Oregon Rule of Civil Procedure 7D(3)(c)(ii)(D) and Oregon Revised Statute § 63.121. *Id.* at ¶¶ 1, 5-6.

Noting several case deadlines had passed with no indication that the case was moving forward, on January 18, 2020, the Court ordered Plaintiffs to show cause why their case should not be dismissed for want of prosecution. Order, ECF 8. In response, Plaintiffs reported that they were still unsuccessful in their attempts to personally contact Sjullie. Pl. Resp. 1-2, ECF 9. Plaintiffs stated that they could not file for default because Defendant's books and records were needed to perform the payroll examination that is the subject of this lawsuit. *Id.* at 2. Plaintiffs conveyed that they would send a letter to what they believe is Sjullie's home address "to inform him that a motion to compel production will be filed absent production within 14 days of all documents responsive to Plaintiffs' First Request for Production of Documents." *Id.* Defendant has not responded to Plaintiffs' requests, prompting Plaintiffs to file the instant motion. Pl. Mot. Compel 2, ECF 10.

## STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Typically, discovery does not begin until the parties confer to discuss, among other things, a discovery plan. Fed. R. Civ. P. 26(d), (f). Once discovery begins, "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce "any designated documents[.]" Fed. R. Civ. P. 34(a)(1)(A). If a party fails to produce documents requested by another party pursuant to Rule 34, the requesting party may move for an order compelling production. Fed R. Civ. P. 37(a)(3)(B)(iv).

## DISCUSSION

Plaintiffs' motion to compel is procedurally improper. Plaintiffs have not provided—nor is the Court aware of—any authority supporting Plaintiffs' contention that Rule 37(a) is the

appropriate vehicle for compelling discovery from a party that is not before the Court. Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). Given that the parties have not conducted a Rule 26(f) conference, Defendant is not even considered to have been served with Plaintiffs' First Request for Production. *See* Fed. R. Civ. P. 26(d)(2)(B). Therefore, Plaintiffs' motion is procedurally deficient.

Plaintiffs could, however, proceed by moving for an entry of default as Defendant "has failed to plead or otherwise defend" itself in this action. Fed. R. Civ. P. 55(a). Although Plaintiffs contend that they "cannot file for a default because [D]efendant's books and records are needed . . . to perform [a] payroll examination," an entry of default does not foreclose Plaintiffs' ability to seek the documents they need. Pl. Resp. 2. For example, once an order of default is entered, "a defaulted defendant should be treated as a non-party," and can be commanded to produce documents pursuant to a properly issued subpoena. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010); Fed R. Civ. P. 45. Accordingly, Plaintiffs' Motion to Compel is denied.

## CONCLUSION

Plaintiffs' Motion to Compel Production of Documents [10] is DENIED.

IT IS SO ORDERED.

DATED: 4/6/20.

MARCO A. HERNÁNDEZ
United States District Judge

4- OPINION & ORDER